In re the Matter of the S.H. BOWMAN TRUST FOR THE BENEFIT OF ANNE B. McCOURT UNDER AGREEMENT DATED NOVEMBER 23, 1934, as Amended.

No. A11–110.

Court of Appeals of Minnesota.

Sept. 12, 2011.

Woodrow T. Roberts, Charles T. Parks, Jr., Daniel R. Donovan, Faegre & Benson LLP, Minneapolis, MN, for appellant Wells Fargo Bank Minnesota NA.

Anne B. McCourt, Long Lake, MN, pro se respondent.

Sarah B. McCourt, San Francisco, CA, pro se respondent.

Jessie S. Blackburn, Tacoma Park, MD, pro se respondent.

Nicole S. Barab, New York, NY, pro se respondent.

Madeleine A. Barab, St. Petersburg, FL, pro se respondent.

Kinsley A. Kryska, San Francisco, CA, pro se respondent.

Alexander B. Kryska, Tacoma Park, MD, pro se respondent.

Considered and decided by SCHELLHAS, Presiding Judge; PETERSON, Judge; and MINGE, Judge.

## OPINION

PETERSON, Judge.

In this trust dispute, appellant-trustee argues that the district court misinterpreted Minn.Stat. § 524.2–1106(b)(1) and Minn.Stat. § 524.2–1116 (2010), which resulted in an erroneous determination that the trust beneficiary's disclaimer is invalid. Appellant-trustee contends that under a correct reading of the statutes, (a) the time for filing the disclaimer had not expired; and (b) the disclaimer is not barred because the trust beneficiary did not accept the portion of the interest that she sought to disclaim. We reverse.

## FACTS

Pro se respondent Anne B. McCourt is a beneficiary of a trust created by an agreement executed by her father, Samuel Bowman, Jr., on November 23, 1934, and amended on December 28, 1937, November 7, 1939, and November 15, 1940. The amended trust instrument provides that upon the death or remarriage of Samuel Bowman's wife, Jessie Bowman, or upon Samuel's death if his wife predeceased him,[1] the trustee shall divide whatever remains of the trust estate

into as many equal Portions as there are children of the Trustor then surviving and deceased children of the Trustor leaving issue then surviving, and after such division into Portions the Trustee shall set aside and continue to hold one (1) of such Portions for the benefit of each such surviving child of the Trustor and one (1) of said Portions for the benefit of the issue of each such deceased child of the Trustor.

The trust instrument provides further that

[t]he entire net income of and from whatever remains, from time to time, of the Portion so to be set apart for each surviving child of the Trustor shall be paid over and distributed to him or her in monthly installments throughout the remainder of his or her lifetime; upon the death of each such child whatever remains of the Portion so to be set aside for his or her benefit, both principal and any and all undistributed net earnings and income thereof and therefrom, shall be paid over and distributed to his or her issue, by right of representation. . . .

The trust instrument also gave the trustee discretion to pay out additional sums from the principal if "the net income of the trust estate allotted for the benefit of any beneficiary hereunder is at any time or times insufficient, in the opinion of the Trustee, for the comfort, maintenance and general welfare of such beneficiary."

On March 10, 2010, McCourt delivered a disclaimer to the trustee, appellant Wells Fargo Bank, seeking to disclaim her right to receive income and principal from a fractional share of the trust after the effective date of the disclaimer. McCourt's motivation for the disclaimer was the financial distress of her two daughters and

---

1. Although the dates of death were not provided to the district court, it is undisputed that Samuel Bowman, Jr., and Jessie Bowman are deceased.

their children. In April 2010, appellant, as trustee, petitioned the district court pursuant to Minn.Stat. § 501B.16(17), (23) (2008), seeking a determination regarding the validity of the disclaimer. Following a hearing, the district court concluded that McCourt's disclaimer is invalid under Minn.Stat. § 524.2–1116, because the time for filing the disclaimer had expired, and invalid under Minn.Stat. § 524.2–1106(b)(1), because McCourt had already accepted the interest that she sought to disclaim. This appeal followed.

## ISSUE

1. Did the statutory period for filing a disclaimer expire before McCourt filed her disclaimer?

2. Is McCourt's disclaimer invalid because she accepted the interest that she sought to disclaim?

## ANALYSIS

Statutory interpretation is a question of law, which we review de novo. *Koes v. Advanced Design, Inc.,* 636 N.W.2d 352, 358 (Minn.App.2001), *review denied* (Minn. Feb. 19, 2002). "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature. Every law shall be construed, if possible, to give effect to all its provisions." Minn.Stat. § 645.16 (2010). "We construe statutes to effect their essential purpose but will not disregard a statute's clear language to pursue the spirit of the law." *Lee v. Fresenius Med. Care, Inc.,* 741 N.W.2d 117, 123 (Minn.2007). "We are to read and construe a statute as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations." *Am. Family Ins. Grp. v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000).

The Minnesota Legislature enacted the Uniform Disclaimer of Property Interests Act (UDPIA) in 2009, and it became effective January 1, 2010. 2009 Minn. Laws ch. 67, § 18, at 516; *see* Minn.Stat. § 524.2–1101 (2010) ("[S]ections 524.2–1101 to 524.2–1116 may be cited as the 'Uniform Disclaimer of Property Interests Act.' "). The UDPIA applies "to disclaimers of any interest in or power over property, whenever created. Except as provided in section 524.2–1116, sections 524.2–1101 to 524.2–1116 are the exclusive means by which a disclaimer may be made under Minnesota law...." Minn.Stat. § 524.2–1103 (2010).

The UDPIA places some limitations on a beneficiary's authority to disclaim an interest in property. One limitation is expressed in Minn.Stat. § 524.2–1116, which states: "Except as otherwise provided in section 524.2–1106, an interest in or power over property existing on January 1, 2010, as to which the time for delivering or filing a disclaimer under laws superseded by sections 524.2–1101 to 524.2–1116 has not expired, may be disclaimed after January 1, 2010." Under this limitation, an interest in property may not be disclaimed if the time for delivering or filing a disclaimer under laws superseded by sections 524.2–1101 to 524.2–1116 has expired. The laws superseded by sections 524.2–1101 to 524.2–1116 are Minn.Stat. §§ 501B.86, 525.532 (2008), which governed disclaimers of property interests before they were repealed by the legislation that enacted the UDPIA. 2009 Minn. Laws ch. 67, § 17, at 516.

The repealed section 501B.86 (2008) provided in relevant part:

Subd. 2. A beneficiary may disclaim an interest in whole or in part, or with reference to specific parts, shares, portions, or assets, by filing a disclaimer in court in the manner provided in this section....

Subd. 3. A disclaimer under subdivision 2 may be filed at any time after the creation of the interest, but it must be filed within nine months after the effective date of the nontestamentary instrument creating the interest, or, if the disclaimant is not then finally ascertained as a beneficiary or the disclaimant's interest has not then become indefeasibly fixed both in quality and in quantity, the disclaimer must be filed not later than nine months after the event that would cause the disclaimant to become finally ascertained and the interest to become indefeasibly fixed both in quality and quantity.

■ Appellant argues that the district court erred in concluding that, because the time for filing a disclaimer under the repealed statute had expired, McCourt's disclaimer was not timely filed. Under the repealed statute, the nine-month period for filing a disclaimer began when the disclaimant was finally ascertained as a beneficiary and the disclaimant's interest became "indefeasibly fixed both in quality and quantity."

The legislature did not define the phrase "indefeasibly fixed both in quality and quantity," and we have found no contemporaneous legislative history that provides any insight into the legislature's intention. But we have found that the phrase appeared in a disclaimer statute that the legislature enacted in 1965, which appears to be the statutory predecessor of Minn. Stat. § 501B.86 (2008). The 1965 act states:

Such disclaimer shall be filed at any time after the creation of the interest, but in all events within six months after the effective date of the nontestamentary instrument creating the interest, or, if

the disclaimant is not then finally ascertained as a beneficiary or his interest has not then become indefeasibly fixed both in quality and in quantity, such disclaimer shall be filed not later than six months after the event which would cause him so to become finally ascertained and his interest to become indefeasibly fixed both in quality and quantity.

1965 Minn. Laws ch. 552, § 2, at 788.

The statute enacted in 1965 was cited in 1968 in a report of the American Bar Association Special Committee on Disclaimer Legislation. *Disclaimer of Testamentary and Nontestamentary Dispositions—Suggestions for a Model Act*, 3 Real Prop. Prob. & Tr. J. 131, 132 (1968). The report states:

Meaning of *"Indefeasibly Fixed Both in Quality and in Quantity:"* The quoted phrase is intended to gear the commencement of the ten-month period[2] to a time when the existence and extent of the disclaimant's interest are fully established and defined. The verb "fixed" is employed rather than "vested" to avoid the lack of precision in meaning which the term "vest" involves. The term "quality" is used in the sense of being transmissible in every particular and in every sense. The term "quantity" is used to indicate that, in class gifts that may increase or decrease, the possibility of further expansion or contraction is at end and the quantum of the disclaimant's interest is fully determined.

*Id.* at 135.

When construing Minnesota statutes, "words and phrases are construed according to rules of grammar and according to their common and approved usage; but

---

**2.** The model act described in the report included a ten-month period for filing a disclaimer.

technical words and phrases and such others as have acquired a special meaning ... are construed according to such special meaning or their definition." Minn.Stat. § 645.08(1) (2010). Applying the committee report's explanation of the special meaning of the word "quality," when used in the phrase "indefeasibly fixed both in quality and quantity," we conclude that under the express terms of the trust, McCourt's interest in payments of principal and income from the trust does not become indefeasibly fixed in quality until the income or principal is distributed. The trust instrument provides:

> No beneficiary shall have any transmissible interest in the trust estate or in the income therefrom and neither the principal nor the income of the trust estate shall be liable for the debts of any beneficiary and no beneficiary shall have any power to sell, assign, transfer, encumber or in any other manner to anticipate or dispose of his or her interest in the trust or the income produced thereby prior to the actual distribution thereof by the Trustee to said beneficiary.

■ Because "quality" means that an interest is transmissible in every particular and in every sense and the trust provides that McCourt has no transmissible interest in the principal or income of the trust before an actual distribution, McCourt's interest in payments from the trust does not become indefeasibly fixed in quality until an actual distribution. The interest that McCourt sought to disclaim is a portion of future payments of income and principal. Because the future payments have not actually been distributed, McCourt's interest has not become indefeasibly fixed in quality, and the time for filing a disclaimer under Minn.Stat. § 501B.86 has not expired.

In rejecting this interpretation of the statute, the district court concluded that the "interpretation stands the spendthrift trust on its head, for a spendthrift could then disclaim at any moment and leave himself or herself bereft of the protection of the trust." But the repealed statute provided that "[t]he right to disclaim granted by this section exists despite a limitation imposed on the interest of the disclaimant in the nature of an express or implied spendthrift provision or similar restriction." Minn.Stat. § 501B.86, subd. 7 (2008). Although the district court's concern about the disclaimer statute's effect on a spendthrift trust appears warranted, this statutory language indicates that the legislature rejected the concern.

Under the UDPIA, "[a] disclaimer may be made at any time unless it is barred under section 524.2–1106." Minn.Stat. § 524.2–1105 (2010). Because the time for filing a disclaimer under the repealed Minn.Stat. § 501B.86 has not expired, McCourt's disclaimer is timely if it is not barred under section 524.2–1106.

## II.

Under section 524.2–1106, a disclaimer of an interest in property is barred if, before the disclaimer becomes effective, "the disclaimant accepts the portion of the interest sought to be disclaimed." Minn. Stat. § 524.2–1106(b)(1). The district court concluded that because McCourt had accepted payments of income from the trust for several years, she had accepted the trust interest that she sought to disclaim. In reaching this conclusion, the district court treated the stream of monthly income payments as a single interest. The court explained

> that the accepted gift was precisely what the trust offered: the right to receive income and, if needed, principal payments from this trust. The court deems that the trust instrument spelled out the gift. This was a gift upon which the

donee could rely. The court believes that the Trustor understood that he was making a particular gift and not a series of completely separate gifts spanning decades.

Although the district court may have correctly described the intent of the trustor, when construing a statute, it is the intent of the legislature that controls. And, in enacting the UDPIA, the plain intent of the legislature was to allow a beneficiary to disclaim an interest in property even though a benefactor intended to give the interest to the beneficiary. *See Lee*, 741 N.W.2d at 123 (courts construe statutes to effect their essential purpose).

■ Under the statute, "[a] person may disclaim, in whole or in part, any interest in or power over property." Minn.Stat. § 524.2–1107(a) (2010). Even though a stream of income payments may be a single interest in property, a portion of the stream of payments is part of the single interest. Consequently, a beneficiary may disclaim a portion of a stream of payments. Because a beneficiary may disclaim a portion of a stream of payments and the disclaimer bar under Minn.Stat. § 524.2–1106(b)(1) applies when "the disclaimant accepts the portion of the interest sought to be disclaimed," the bar does not apply when the disclaimant has accepted a portion of the stream of payments that is different from the portion of the stream of payments that the disclaimant seeks to disclaim. Therefore, the district court erred in concluding that because McCourt accepted earlier income payments, she had accepted the portion of the interest that she sought to disclaim.

## DECISION

Because McCourt's interest in payments from the trust does not become indefeasibly fixed in quality until an actual distribution, and the portion of future payments that McCourt seeks to disclaim has not been distributed, McCourt's interest has not become indefeasibly fixed in quality, and the time for filing a disclaimer under the repealed Minn.Stat. § 501B.86 has not expired. Because McCourt has not accepted the portion of her interest in payments from the trust that she seeks to disclaim, her disclaimer is not barred under Minn.Stat. § 524.2–1106(b)(1).

**Reversed.**